# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL RAFAEL MARRERO COLON, MYRNA COLON DEL VALLE AND THEIR CONJUGAL Partnership; AND THEIR DAUGHTER NICOLE MARIE MARRERO COLON<br><br>**Plaintiffs**<br><br>v.<br><br><br>HUERTAS COLLEGE, INC., doing business and also known as HUERTAS JUNIOR COLLEGE, INC.; MS. MARIA DEL MAR LOPEZ AVILES; LESLIE ANN GUZMAN; X, Y, and Z insurance companies with coverage for liability for any Defendant; and A, B, and C as yet unidentified persons responsible for civil rights violations against Plaintiffs,<br><br>**Defendants** | CASE NO.<br><br>CIVIL ACTION<br><br>Federal Jurisdiction:<br><br>Violation to Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 621, *et seq.*, and 42 U.S.C. § 2000e, *et seq.* (Title VII); and The whistle-blower protection provision of the FCA, 31 U.S.C. § 3730(h);<br><br>Supplemental Jurisdiction:<br><br>Law No. 80 (29 L.P.R.A. Sec. 185a *et seq.*); Law No. 115, of December 20, 1991, aka Law for Action against Employer for Retaliation (29 P.R.L.A. Sec. 194 *et seq.*); Work Related Accident Compensation Law (11 L.P.R.A. Sec. 7); Law No. 44, which provides a remedy for any discrimination on the basis of any physical or mental disability (1 L.P.R.A. Sec. 501 *et seq.*); and Law No. 100 of June 29, 1969, which prohibits age discrimination in the employment (29 L.P.R.A. Sec. 146 et seq.).<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

**NOW COMES** defendants, Angel Rafael Marrero Colon ("Marrero"), Myrna Colon del Valle ("Colon"), the Conjugal Partnership between them ("Marrero-Colón"), and Nicole Marie Marrero Colón ("Nicole"), through their undersigned attorneys and respectfully state, allege and pray as follows:

**I.     INTRODUCTION**

1. This is an action seeking redress for the violation of rights guaranteed to the plaintiff by:

   A. The Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. Sec. 621, *et seq.,* and 42 U.S.C. Sec. 2000e, *et seq.* (Title VII); and supplemental Local laws;

   B. The whistle-blower protection provision of the FCA, 31 U.S.C. Sec. 3730(h);

   C. Law No. 80 (29 L.P.R.A. Sec. 185a *et seq.*); and

   D. Law No. 115, of December 20, 1991, aka Law for Action against Employer for Retaliation (29 P.R.L.A. Sec. 194 *et seq.*)

   E. Work Related Accident Compensation Law (11 L.P.R.A. Sec. 7)

   F. Law No. 44, which provides a remedy for any discrimination on the basis of any physical or mental disability (1 L.P.R.A. Sec. 501 *et seq.*)

   G. Law No. 100 of June 29, 1969, which prohibits age discrimination in the employment (29 L.P.R.A. Sec. 146 et seq.).

2. Marrero, at present a sixty-three (63) year old male American citizen, seeks equitable and monetary relief under the applicable legal precedents cited in the previous paragraph, including, but not limited to reinstatement to the position from which he was separated, back pay, including double penalty and all other appropriate reliefs to which he is entitled under the law.

**II.    JURISDICTION**

3. Jurisdiction of this Court is invoked under the Age Discrimination Employment

Act of 1967, as amended, 29 U.S.C. § 621, *et seq.,* and 42 U.S.C. § 2000e, *et seq.* (title VII); and supplemental Local Laws.

4.  Marrero duly filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

5.  The number of his EEOC charge was: 16H-2015-00347.

6.  On February 16, 2016, the EEOC issued a letter titled: "Notice of Right to Sue." In its pertinent part, it states the following:

    A.  "More than 180 days have passed since the filing of this charge.";

    B.  "The EEOC is terminating its processing of this Charge"; and

7.  "The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. (Emphasis in the original.)

8.  Marrero has timely filed this action in this Court.

9.  This Court also has jurisdiction under the whistle-blower protection provision of the FCA, 31 U.S.C. § 3730(h) for undue retaliation.

## III. SUPPLEMENTAL JURISDICITION

10. This Court has for supplemental jurisdiction for unjustified termination under Law No. 80 (29 L.P.R.A. Sec. 185a *et seq.*). None of the circumstances listed in said law which would justify a termination happened in the present case.

11. This Court also has supplemental jurisdiction for unlawful termination under Law No. 115, of December 20, 1991 as amended in 2014, aka Law for Action against Employer for Retaliation (29 P.R.L.A. Sec. 194 *et seq.*). Marrero's termination with Defendant was retaliation

for Marrero's efforts to communicating to an employee and an authorized representative of Huertas College, Inc., aka Huertas Junior College, Inc. ("Huertas College") about Sandra Morales, Dean of School of Health of Huertas College, and Hector Morales, Admissions Coordinator of Huertas College, harassment and mistreatment of their employees.

12. This Court also has supplemental jurisdiction under the Work Related Accident Compensation Law (11 L.P.R.A. Sec. 7) for the undue termination of Plaintiff during the twelve-month period an Employer is supposed to reserve an Employee's position while employee undergoes treatment at the Workmen's Compensation Fund.

13. This Court also has supplemental jurisdiction under Law No. 44, which provides a remedy for any discrimination on the basis of any physical or mental disability (1 L.P.R.A. Sec. 501 *et seq.*) For the same reasons stated in the previous paragraph: illegal termination of employee while still in the care of the Workmen's Compensation Fund.

14. This Court also has supplemental jurisdiction under Law No. 100 of June 29, 1969, which prohibits age discrimination in the employment (29 L.P.R.A. Sec. 146 *et seq.*).

IV. PARTIES

15. Plaintiff Marrero is an adult male American citizen and a resident of Cayey, Puerto Rico. At present, Marrero is sixty-three (63) years of age. At the time of the alleged wrongful conduct by the defendant, the plaintiff was sixty-two (62) years of age.

16. Co-plaintiff Colon Del Valle is an adult female American citizen and a resident of Cayey, Puerto Rico. Colon is married to Marrero Colon.

17. Co-plaintiff Conjugal Partnership of co-plaintiffs Marrero and Colon.

18. Co-plaintiff Nicole is an adult female American citizen and a resident of Cayey, Puerto Rico. Nicole is the daughter of both Marrero Colon and Colon Del Valle. Nicole is a

student. Nicole currently resides with her parents. Nicole still depends on her parents.

19. The defendant, Huertas College is a corporation organized under the laws of Puerto Rico, with its principal place of business located in Caguas, Puerto Rico. At all times material hereto, the defendant was engaged in the business of operating an educational institution where you could pursue a post-secondary education for an undergraduate degree. Huertas College's physical address is the following: Hector R. Bunker, Street 41, Caguas, P.R. 00725; Huertas College mailing address is the following: P.O. Box 8429, Caguas, P.R. 00725. Tel.-787-746-1400.

20. Co-defendant Ms. Maria del Mar Lopez Aviles ("Lopez") is an adult female American citizen and a resident of Caguas, Puerto Rico. At all relevant times for the present complaint, Lopez acted as President of Huertas College. Her physical address is the following: Hector R. Bunker, Street 41, Caguas, P.R. 00725. Her mailing address is the following: P.O. Box 8429, Caguas, P.R. 00725. Tel.-787-746-1400.

21. Co-defendant Leslie Ann Guzman ("Guzman") is an adult female American citizen and a resident of Caguas, Puerto Rico. At all relevant times for the present complaint, Lopez acted as Vice President of Human Resources for Huertas College. Huertas College's physical address is the following: Hector R. Bunker, Street 41, Caguas, P.R. 00725; Huertas College's mailing address is the following: P.O. Box 8429, Caguas, P.R. 00725. Tel.-787-746-1400.

## V.   ALLEGATIONS

22. On or about May 20, 2010, Marrero commenced employment with the Huertas College in the position of Night Director, Dean of Distance and Educational Services.

23. Marrero's employment with Huertas College was terminated effective September

26, 2014 via letter dated September 29, 2014. This letter was signed by Guzman.

24.     Up to the time of the wrongful discharge alleged herein, Marrero worked with Huertas College for a period of four (4) years and four (4) months.

25.     According to Huertas College's own yearly work performance evaluations of Marrero, Marrero fulfilled expectations.

26.     Moreover, during his entire employment with Huertas College, Marrero was never the object of an adverse disciplinary action against him by Huertas College.

27.     At the time he was discharged, Marrero was sixty-two (62) years of age.

28.     At the time of the discharge, Marrero's salary was $26,000.00 per year. However, the total annual compensation package for Marrero at Huertas College actually amounted to $53,065.69.

29.     Marrero's employment termination letter is completely silent regarding reasons for Marrero's termination with Plaintiff.

30.     Neither Huertas College nor Lopez nor Guzman ever gave Marrero an official reason or explanation to justify Marrero's employment termination with Huertas College.

31.     On information and belief, Marrero was actually discharged so that the Huertas College could hire a person much younger than Marrero to perform Marrero's duties.

32.     When Lopez became President of Huertas College, she reorganized the structure of the institution. The result was that most employees at Huertas College who were 40 or older were unlawfully terminated. Thus, the reorganization of the of the structure of Huertas College actually evidences a pattern of illegal age discrimination under both Federal and State Law.

33.     In turn, the execution of this pattern of age discrimination caused great consternation, worry and stress among Huerta College affected employees, those who were 40 or

older, including but not limited to Marrero. Indeed, as a result, Marrero began to experiment, among other symptoms, lack of sleep, headaches and high blood pressure. On September 29, 2014, Marrero reported to the Workmen's Compensation Fund.

34. Moreover, during the reorganization of Huertas College, a certain Ms. Sandra Morales ("Ms. Morales") was hired as the Dean of School of Health. Ms. Morales immediately engaged in unduly mistreating and harassing her employees. When Marrero would come in the evenings for his shift, Marrero would find Ms. Morales' employees distraught, depressed and crying. In turn, this adversely affected Marrero's my work environment and, eventually, his emotional and physical health.

35. Furthermore, at the same time, there was also a certain Mr. Hector Morales ("Mr. Morales"), Admissions Coordinator of Huertas College. Mr. Morales also engaged in unduly mistreating and harassing his employees. When Marrero would come in the evenings for his shift, Marrero would find Mr. Morales' employees distraught, depressed and crying. This adversely affected his work environment and, eventually, his emotional and physical health.

36. Shortly before September 26, 2014, Morales, formally complained to his direct supervisor, Ms. Maria Cruz ("Cruz"), Dean of Distance Learning, regarding Ms. Morales and Mr. Morales continued pattern of mistreating and harassing their employees, despite his different attempts to curtail this practice and how this situation was adversely affecting his personal emotional and physical health.

37. On September 27, 2014, Marrero found out that 20 employees had either resigned because they were unable to further endure more pressure leave or they had been summarily terminated from Huertas College. Most of the employees on the list were over 40 years of age. After finding out about so many of his fellow employees' termination or resignation, Marrero

7

felt both physically and emotionally sick. That day Marrero left for home immediately thereafter.

38. In fact, Marrero didn't get better during the weekend. On September 29, 2014, Marrero reported to the Workmen's Compensation Fund.

39. On September 30, 2014, Marrero briefly visited Huertas College in order to leave some documents from the Workmen's Compensation Fund that needed to be filled by Huertas College.

40. On October 3, 2014, Marrero went to Huertas College to pick up the duly filled documents referenced in the previous paragraph, when Marrero received his termination letter from Huertas College.

41. Marrero was unduly terminated during the twelve-month period an employer is supposed to reserve an employee's position while the employee undergoes treatment at the Workmen's Compensation Fund.

42. Ms. Morales and Mr. Morales engaged in unduly harassing and mistreating their employees which adversely affected Marrero's work environment and his personal physical and emotional health. As a result, Marrero attempted to communicate with Cruz, his direct supervisor, in order to dissuade Mr. Morales and Ms. Morales from continuing their pattern of harassment and mistreatment of their employees. Rather than address this situation and rectify it, Lopez, President of Huertas College, with the consent and aid of Guzman, Vice President of Human Resources for Huertas College, retaliated by terminating Marrero's employment in Huertas College through a termination letter signed by Guzman. Lopez and Guzman also terminated Marrero on behalf of Huertas College in order to further an illegal pattern of age discrimination within Huertas College.

43. As a result of the aforementioned arbitrary and capricious acts of all Defendants,

plaintiffs have suffered grievous harm, including, but not limited to, substantial loss of income, and loss of benefits, including but not limited to loss of health and life insurance policies.

44. These losses suffered by Marrero have also adversely affected Colón, the Conjugal Partnership Marrero-Colón, and Nicole. All of whom have also suffered the adverse effects Marrero's diminished income. In addition, all of them have also suffered due to Marrero's compromised physical and emotional health as a result of the undue termination herein question.

45. Under both Federal and State Law, the aforementioned acts of the defendants constitute:

    A. unlawful discrimination against the plaintiff because of his age,

    B. unlawful discrimination against the plaintiff because of this mental and physical disabilities,

    C. undue termination of Plaintiff during the twelve-month period Employers is supposed to reserve Employees position while the employee undergoes treatment at the Workmen's Compensation Fund.

    D. Unlawful retaliation for legitimate whistle-blowing; and

    E. Unjustified termination.

46. The unlawful termination herein question was promoted by Lopez as President of Huertas College and carried out by Guzman as Vice President of Human Resources, even though they all should've known better. Therefore, all Defendants herein are jointly and severally liable for all damages suffered by al Defendants herein.

WHEREFORE, Plaintiffs request the following relief, jointly and severally against all Defendants:

    A. That this Court determine and declare that the actions by all defendants were in

violation of the Constitution and laws of the United States and of Puerto Rico;

  B. Compensatory damages and punitive damages in excess of $700,000.00, which request for compensation is made up of the following amounts:

    i. An amount in excess of $600,000.00 for Plaintiff Marrero, $50,000.00 for his wife, Colon, $50,000.00 their conjugal partnership, Marrero-Colon, and $25,000.00 for their daughter, Nicole, for a total of $725,000.00 in compensatory damages for the harm done to the Plaintiffs due to the actions taken against him and his spouse and their daughter;

    ii. Punitive damages in excess of $200,000.00 for Plaintiff Marrero, $50,000.00 for his wife, Colon, $50,000.00 for their conjugal partnership, Marrero-Colon, and $10,000.00 for their daughter, Nicole, for a total of $310,000.00, due to the malicious and wanton nature of the violations alleged herein.

  C. Equitable relief in the form of a permanent injunction ordering Defendants to reinstate Plaintiff to his permanent position, with all corresponding privileges and benefits, and ordering Defendants to refrain from further engaging in adverse employment action on the basis of age discrimination, unlawful retaliation, and unlawful employment termination while undergoing treatment under the Workmen's Compensation Fund.

  D. Attorneys' fees, costs and litigation expenses incurred in connection to this action pursuant to, inter alia, 42 U.S.C. § 1988, and other applicable statutes.

  E. All applicable interests, including pre- and post- judgment interest.

  F. That the Court retain jurisdiction over this action in order to ensure compliance with any decree issued by this court; and

  G. Any such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 5th day of May, 2016.

<u>s/Francisco R. González-Colón</u>
**FRANCISCO R. GONZALEZ COLON**
USDC No. 116410

<u>s/Francisco J. González-Magaz</u>
**FRANCISCO J. GONZÁLEZ-MAGAZ**
USDC No. 223907

<u>s/Enrique A. Baez</u>
**ENRIQUE A. BAEZ**
USDC No. 214909

**FRANCISCO R. GONZÁLEZ LAW OFFICE**
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909
Tel. (787) 723-3222
FAX 787-919-0156
bufetefrgonzalez@gmail.com
gonzalezmagaz@gmail.com
baez_law@yahoo.com